**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 24-cv-24346**

GARRETT ELECTRONICS, INC.,

    Plaintiff,

  v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE A,

    Defendants.

_____ /

**COMPLAINT**

Plaintiff, GARRETT ELECTRONICS, INC. ("Plaintiff" or "GARRETT ELECTRONICS"), by and through undersigned counsel, hereby alleges as follows against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations and foreign entities identified on Schedule A (collectively, "Defendants"):

**INTRODUCTION**

1.    This action has been filed by Plaintiff to combat online counterfeiters who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's registered GARRETT ELECTRONICS Trademarks, which are covered by U.S. Trademark Registration Nos. 3,802,639, 3,809,839, 1,164,465, 4,223,990, 1,162,578, 3,713,177, 3,787,349, 2,506,112, 1,654,807, 3,818,179, 3,790,254, 4,001,143, 3,713,049, 1,636,048, 4,279,627, 3,236,345, and 3,787,350 (the "GARRETT ELECTRONICS Trademarks"). The registrations are valid, subsisting, and in full force and effect. A true and correct copy of the federal

trademark registration certificates for the GARRETT ELECTRONICS Trademarks is attached as **Exhibit 1**.

2.      This is also an action for patent infringement to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use, unauthorized and unlicensed products that infringe Plaintiff's design patents, U.S. Patent Nos. D513,706 S and D583,261 S (the "GARRETT ELECTRONICS Patents"). Plaintiff is the owner and lawful assignee of all right, title, and interest in and to the GARRETT ELECTRONICS Patents, which were duly and legally issued by the United States Patent and Trademark Office. True and correct copies of the GARRETT ELECTRONICS Patents are attached as **Exhibit 2**.

3.      Defendants are improperly advertising, marketing, and/or selling unauthorized and noncompliant products by reference to marks identical or substantially identical to the GARRETT ELECTRONICS Trademarks and/or that embody the design(s) depicted in the GARRETT ELECTRONICS Patents (the "Counterfeit Products").

4.      The Defendants have created numerous fully interactive commercial Internet stores operating under the online marketplace accounts (the "Defendant Internet Stores") and using the account names identified in Schedule A (collectively, the "Defendants").

5.      The Defendants design the online marketplace accounts to appear to be selling Plaintiff's genuine GARRETT ELECTRONICS Products (the "GARRETT ELECTRONICS Products"), while selling inferior imitations of such products.

6.      The Defendants' online marketplace accounts also share unique identifiers, such as design elements and similarities of the Counterfeit Products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same

transaction, occurrence, or series of transactions or occurrences.

7.      Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation. Plaintiffs are forced to file this action to combat Defendants' counterfeiting of the GARRETT ELECTRONICS Trademarks and GARRETT ELECTRONICS Patents, as well as to protect unknowing consumers from purchasing Counterfeit Products.

8.      As a result of Defendants' actions, Plaintiff has been and continues to be irreparably damaged from the loss of its exclusivity of its intellectual property rights, as well as by and through consumer confusion, dilution, and tarnishment of its valuable trademark, and, therefore, seeks injunctive and monetary relief.

9.      This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Florida and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Florida and in this Judicial District.

10.     In addition, each Defendant has offered to sell and ship and/or sold and shipped infringing products into this Judicial District.

**SUBJECT MATTER JURISDICTION**

11.     This Court has original subject matter jurisdiction over the trademark infringement and false designation of origin claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. This Court has original subject matter jurisdiction over the patent infringement claims arising under the patent laws of the United States pursuant to 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

**PERSONAL JURISDICTION AND VENUE**

12. Personal jurisdiction exists over Defendants in this Judicial District pursuant to Florida Statutes §§ 48.193(1)(a)(1)–(2) and FRCP § 48.193(1)(a)(6), or in the alternative, Fed. R. Civ. P. 4(k) because, upon information and belief, Defendants regularly conduct, transact, and/or solicit business in Florida and in this Judicial District, and/or derive substantial revenue from business transactions in Florida and in this Judicial District and/or otherwise avail themselves of the privileges and protections of the laws of the State of Florida such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff in Florida and in this Judicial District such that Defendants should reasonably expect such actions to have consequences in Florida and this judicial District, for example:

a. Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the United States, including those in Florida, in this Judicial District, through accounts with online marketplace platforms such as Alibaba, Amazon, DHgate, eBay, Shein, Temu, Walmart, and Wish (collectively, the "Marketplace Platforms"), as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants, and all persons in active concert or participation with any of them ("User Account(s)"), through which consumers in the United States, including Florida (and more particularly, in this Judicial District), can view the one or more of Defendants' online marketplace accounts that each Defendant operates ("Defendant Internet Stores"), and uses to communicate with Defendants regarding their listings for Counterfeit Products (as defined *infra)*, and to place orders for, receive invoices for, and purchase Counterfeit Products for delivery in the United States, including Florida (and more particularly, in this Judicial District), as a means for establishing regular business with

the United States, including Florida (and more particularly, in this Judicial District).

b.	Upon information and belief, Defendants have transacted business with consumers located in the United States, including Florida (and more particularly, in this Judicial District), for the sale and shipment of Counterfeit Products.

13.	Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400 because Defendants have committed acts of trademark and/or patent infringement in this Judicial District and do substantial business in the Judicial District.

## THE PLAINTIFF

14.	Plaintiff GARRETT ELECTRONICS, INC. is a company organized under the laws of the State of Texas and is the registered owner of the GARRETT ELECTRONICS Trademarks (referred to above, copies of federal registrations attached as Exhibit 1) and the GARRETT ELECTRONICS Patents (referred to above, copies attached as Exhibit 2).

15.	Plaintiff is a leading supplier and manufacturer of metal detection technology products, such as pointers, scanners, and metal detectors, which encompass proprietary technology, and has earned an international reputation for quality, reliability, and value. Plaintiff is credited for many breakthroughs that have occurred in the industry, including its GARRETT ELECTRONICS Products.

## THE GARRETT ELECTRONICS PRODUCTS

16.	Plaintiff is the official source of GARRETT ELECTRONICS Products in the United States, which include, among others, pointers, scanners, and metal detectors such as the Super Scanner V Metal Detector, Superwand Metal Detector, THD Metal Detector, Pro-Pointer II, and CSI Pro, among other products.

 

*Exemplary Images of Plaintiff's Products*
*(Garrett Pro-Pointer II and Garrett Super Sacanner V Metal Detector)*

17.     Since at least 1979, the GARRETT ELECTRONICS Trademarks are and have been the subject of substantial and continuous marketing and promotion by Plaintiff. Plaintiff has and continues to widely market and promote the GARRETT ELECTRONICS Trademarks in the industry and to consumers. Plaintiff's promotional efforts include—by way of example but not limitation—through substantial marketing and advertising on the Internet, television, radio, and trade shows.

18.     The GARRETT ELECTRONICS Trademarks (attached as Exhibit 1) are distinctive and identify the merchandise as goods from Plaintiff. The registrations for the GARRETT ELECTRONICS Trademarks constitute *prima facie* evidence of their validity and of Plaintiff's exclusive right to use those trademark pursuant to 15 U.S.C. § 1057(b).

19.     The GARRETT ELECTRONICS Trademarks qualify as famous marks, as that term is used in 15 U.S.C. §1125 (c)(1), and have been continuously used and never abandoned.

20.     Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the GARRETT ELECTRONICS Trademarks. As a result, products bearing the GARRETT ELECTRONICS Trademarks are widely recognized and

exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

21.     Plaintiff is the owner and lawful assignee of all right, title, and interest in and to the GARRETT ELECTRONICS Patents (attached as Exhibit 2).

22.     The GARRETT ELECTRONICS Products in many instances embody at least a portion of the design depicted in the GARRETT ELECTRONICS Patent.

## THE DEFENDANTS

23.     Defendants are individuals and business entities who, upon information and belief, reside mainly in the People's Republic of China or other foreign jurisdictions.

24.     Defendants are merchants on online e-commerce platforms, including the Marketplace Platforms.

## THE DEFENDANTS' UNLAWFUL CONDUCT

25.     The success of the GARRETT ELECTRONICS Products has resulted in significant infringement and counterfeiting.

26.     Plaintiff has identified numerous domain names linked to fully interactive websites and marketplace listings on platforms such as Alibaba, Amazon, DHgate, eBay, Shein, Temu, Walmart, and Wish, including the Defendant Internet Stores, which were offering for sale, selling, and importing counterfeit GARRETT ELECTRONICS Products to consumers in this Judicial District and throughout the United States.

27.     Defendants have persisted in creating such online marketplaces and Internet stores, like the Defendant Internet Stores. In fact, such online marketplaces and stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States

Department of Homeland Security, the manufacturer's suggested retail price of goods seized by the U.S. government in fiscal year 2021 was over $3.3 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

28.     On personal knowledge and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine GARRETT ELECTRONICS Products.

29.     Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, and PayPal. Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website.

30.     Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

31.     Plaintiff has not licensed or authorized Defendants to use the GARRETT ELECTRONICS Trademarks or GARRETT ELECTRONICS Patents, and none of the Defendants are authorized retailers of genuine GARRETT ELECTRONICS Products.

32.     On personal knowledge and belief, Defendants deceive unknowing consumers by using the GARRETT ELECTRONICS Trademarks and/or GARRETT ELECTRONICS Patents without authorization within the product descriptions of their Defendant Internet Stores to attract customers, as well as embodied by the Counterfeit Products themselves.

33.     On personal knowledge and belief, Defendants also deceive unknowing consumers

8

by using the GARRETT ELECTRONICS Trademarks without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for GARRETT ELECTRONICS Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine GARRETT ELECTRONICS Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down. As such, Plaintiff also seeks to disable Defendant Internet Stores owned by Defendants that are the means by which the Defendants could continue to sell counterfeit GARRETT ELECTRONICS Products into this District.

34.     On information and belief, Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores.

35.     For example, it is common practice for counterfeiters to register their domain names and/or User Accounts with incomplete information, randomly typed letters, or omitted cities or states.

36.     And many Defendant Internet Stores use privacy services that conceal the owners' identity and contact information. On personal knowledge and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A, as well as other unknown fictitious names and addresses.

37.     On personal knowledge and belief, even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For

example, some of the Defendant marketplace websites have virtually identical layouts, even though different aliases were used to register the respective domain names.

38.     In addition, the Counterfeit Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the Counterfeit Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

39.     The Defendant Internet Stores also include other notable common features, including accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

40.     In addition, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new online marketplace accounts under User Accounts once they receive notice of a lawsuit.[1]

41.     Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners.[2]

42.     Counterfeiters also typically ship products in small quantities via international mail

---

[1] https://www.ice.gov/news/releases/buyers-beware-ice-hsi-and-cbp-boston-warn-consumers-about-counterfeit-goods-during (noting counterfeiters are adept at "setting up online stores to lure the public into thinking they are purchasing legitimate goods on legitimate websites").

[2] While discussed in the context of false pharma supply chains, rogue Internet servers and sellers are a well-known tactic that have even been covered in congressional committee hearings. https://www.govinfo.gov/content/pkg/CHRG-113hhrg88828/html/CHRG-113hhrg88828.htm.

to minimize detection by United States Customs and Border Protection. A 2012 United States Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

43.     Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiffs' enforcement efforts.

44.      On personal knowledge and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts outside the jurisdiction of this Court.

45.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the GARRETT ELECTRONICS Trademarks and GARRETT ELECTRONICS Patents in connection with the advertisement, distribution, offering for sale, sale, and import of Counterfeit Products into the United States and Florida over the Internet.

46.     Each Defendant Internet Store offers shipping to the United States, including Florida (in this Judicial District) and, on information and belief, each Defendant has offered to sell Counterfeit Products into the United States, including Florida (in this Judicial District), which is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

11

47.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–46 of this Complaint.

48.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered GARRETT ELECTRONICS Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The GARRETT ELECTRONICS Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Plaintiff's products provided under the GARRETT ELECTRONICS Trademarks.

49.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the GARRETT ELECTRONICS Trademarks without Plaintiff's permission.

50.     Plaintiff is the registered owner of the GARRETT ELECTRONICS Trademarks and official source of GARRETT ELECTRONICS Products. The United States Registrations for the GARRETT ELECTRONICS Trademarks (Exhibit 1) are in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the GARRETT ELECTRONICS Trademarks and are willfully infringing and intentionally using counterfeits of the GARRETT ELECTRONICS Trademarks. Defendants' willful, intentional, and unauthorized use of the GARRETT ELECTRONICS Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.



*Exemplary Counterfeit Product Sold on Defendant Internet Store Infringing on Plaintiff's Registered Trademark[3]*

51.     Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

52.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit GARRETT ELECTRONICS Products.

53.     Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known GARRETT ELECTRONICS Trademarks.

**SECOND CAUSE OF ACTION**
**DESIGN PATENT INFRINGEMENT (35 U.S.C. § 271)**

54.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–46 of this Complaint.

55.     Defendants are and have been making, using, selling, offering for sale, and/or

---

[3] See Exhibit 1 to Complaint.

importing into the United States for subsequent sale or use, without authority, Counterfeit Products

that infringe directly and/or indirectly the GARRETT ELECTRONICS Patents.

56.     For example, below is a comparison of figures from Plaintiff's GARRETT

ELECTRONICS Patents and images from two Defendants' Counterfeit Products sold on

Defendant Internet Stores.



*Figures from the GARRETT ELECTRONICS Patents*



*Exemplary Counterfeit Products Sold on Defendant Internet Stores Infringing on Plaintiff's Registered Patents[4]*

57.     Defendants' activities constitute willful patent infringement under 35 U.S.C. § 271.

---

[4] See Exhibit 2 to Complaint.

58.     Defendants have infringed the GARRETT ELECTRONICS Patents through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention.

59.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

60.     Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. §§ 284, 289, including Defendants' profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.     using the GARRETT ELECTRONICS or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine GARRETT ELECTRONICS product or is not authorized by Plaintiff to be sold in connection with the GARRETT ELECTRONICS Trademarks;

b.     passing off, inducing, or enabling others to sell or pass off any product as a genuine GARRETT ELECTRONICS product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the GARRETT ELECTRONICS Trademarks;

15

      c.     committing any acts calculated to cause consumers to believe that Defendants' counterfeit GARRETT ELECTRONICS Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

      d.     further infringing the GARRETT ELECTRONICS Trademarks and damaging Plaintiff's goodwill;

      e.     shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff trademarks, including the GARRETT ELECTRONICS Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof;

      f.     using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Internet Stores, or any other domain name or Online Marketplace Account that is being used to sell or is the means by which Defendants could continue to sell counterfeit GARRETT ELECTRONICS Products; and

      g.     operating and/or hosting websites at the Defendant Internet Stores that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the GARRETT ELECTRONICS Trademarks or any reproduction, counterfeit copy, or colorable imitation thereof that is not a genuine GARRETT ELECTRONICS Product or not authorized by Plaintiff to be sold in connection with the GARRETT ELECTRONICS Trademarks.

      2.     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.       making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, embodiment, copy, or colorable imitation of the designs claimed in the GARRETT ELECTRONICS Patents;

b.       passing off, inducing, or enabling others to sell or pass off any product as a genuine GARRETT ELECTRONICS Product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the GARRETT ELECTRONICS Patents;

c.       further infringing the GARRETT ELECTRONICS Patents and damaging Plaintiff's goodwill;

d.       aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the GARRETT ELECTRONICS Patents;

e.       shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which infringe the GARRETT ELECTRONICS Patents; and

f.       operating and/or hosting online marketplace accounts at the Defendant Internet Stores that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product infringing the GARRETT ELECTRONICS Patents.

3.       Entry of an Order that Alibaba, Amazon, DHgate, eBay, Shein, Temu, Walmart, and Wish, and any other online marketplace account provider:

a.       disable and cease providing services for any accounts through which Defendants engage in the sale of Counterfeit Products, including any accounts associated with

17

the Defendants listed on Schedule A;

      b.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit Products; and

      c.    take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

4.    That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the GARRETT ELECTRONICS Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5.    That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the GARRETT ELECTRONICS Patents, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

6.    That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of Plaintiff's GARRETT ELECTRONICS Patents be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

7.    In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of the GARRETT ELECTRONICS Trademarks; and that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of Plaintiff's GARRETT ELECTRONICS Patents, pursuant to 35 U.S.C. § 289;

8.    That Plaintiff be awarded its reasonable attorneys' fees and costs; and

9.      Award any and all other relief that this Court deems just and proper.

Dated: November 5, 2024                    Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Leigh Salomon*
Leigh Salomon (FL Bar No. 1054106)
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Tel: (305) 539-8400
lsalomon@bsfllp.com

***Counsel for Plaintiff GARRETT ELECTRONICS, INC.***

19