UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24346-CIV-MARTINEZ/SANCHEZ

GARRETT ELECTRONICS, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**

This matter is before the Court upon the motion for preliminary injunction, ECF No. 13, filed by the Plaintiff, Garrett Electronics, Inc. ("GARRETT ELECTRONICS").[1] Plaintiff has moved for entry of a preliminary injunction against the Defendants[2] based on claims of alleged trademark infringement and counterfeiting, in violation of 15 U.S.C. §§ 1114, 1117, and design patent infringement, in violation of 35 U.S.C. § 271. Defendants allegedly used at least the domain

---

[1] The Plaintiff's motion was originally filed as an *Ex Parte* Application for Entry of Temporary Restraining Order, Including a Temporary Injunction, a Temporary Transfer of the Defendant Internet Stores, a Temporary Asset Restraint, and Expedited Discovery, but the Honorable Jose E. Martinez granted the Plaintiff's request for entry of a temporary restraining order and an order restraining assets, ECF No. 15, and he then referred all matters relating to the Plaintiff's motion for application for entry of preliminary injunction to the undersigned for a Report and Recommendation, ECF No. 16.

[2] The Defendants are the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A, the latest version of which is attached to Plaintiff's Notice of Filing Amended [Proposed] Order Granting Plaintiff's Motion for Preliminary Injunction. ECF No. 38-1. The Defendants are also listed in the Notice of Entry of Parties. *See* ECF No. 37. A copy of the current Schedule A listing the Defendants that are the subject of this Report and Recommendation is attached hereto.

names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in such Schedule A (the "Online Marketplace Accounts"). Plaintiff also seeks an order restraining the financial accounts used by the Defendants pursuant to 15 U.S.C. § 1116, 35 U.S.C. § 283, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a).

The Court held a hearing on December 30, 2024, at which only counsel for the Plaintiff was present and available to provide evidence supporting the Plaintiff's motion. The Defendants have not responded to Plaintiff's motion, have not made any filings in this case, and have not appeared in this matter, either individually or through counsel. Having reviewed the Plaintiff's motion, its accompanying attachments, the record, and the relevant legal authority, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's motion for preliminary injunction be **GRANTED**.

## I.      BACKGROUND

Plaintiff is the owner of federally registered trademarks, which are covered by U.S. Trademark Registration Nos. 3,802,639, 3,809,839, 1,164,465, 4,223,990, 1,162,578, 3,713,177, 3,787,349, 2,506,112, 1,654,807, 3,818,179, 3,790,254, 4,001,143, 3,713,049, 1,636,048, 4,279,627, 3,236,345, and 3,787,350 (the "GARRETT ELECTRONICS Trademarks") and design patents, U.S. Patent Nos. D513,706 S and D583,261 S (the "GARRETT ELECTRONICS Patents"). ECF No. 13-1 (Declaration of Robert Podhrasky) at ¶¶ 5-6; ECF Nos. 13-2, 13-3. Plaintiff is a leading supplier and manufacturer of metal detection technology products, such as pointers, scanners, and metal detectors which encompass proprietary technology, and has earned an international reputation for quality, reliability, and value with respect to its products (the "GARRETT ELECTRONICS Products"). ECF No. 13-1 at ¶ 7. Plaintiff is the official source of GARRETT ELECTRONICS Products in the United States. *Id.* The GARRETT ELECTRONICS

Products have been the subject of substantial marketing and promotion by Plaintiff in the industry and to consumers. *See id.* at ¶ 7. Plaintiff's promotional efforts include, for example, advertising through print media, social media sites, radio, television, and trade shows. *Id.* at ¶ 8. The GARRETT ELECTRONICS Trademarks have been continuously used and never abandoned. The success of the GARRETT ELECTRONICS brand has resulted in its significant infringement and counterfeiting. *Id.* at ¶ 9. Plaintiff safeguards its brand and investment in the GARRETT ELECTRONICS Products by way of an anti-counterfeiting program and related investigations. *Id.*

The Defendants, through the various Internet based e-commerce stores operating under the seller identities identified on Schedule A (the "Seller IDs"), have advertised, promoted, offered for sale, sold, or imported counterfeit products bearing the GARRETT ELECTRONICS Trademarks and/or embodying the GARRETT ELECTRONICS Patents from foreign countries to consumers in this District. ECF No. 13-1 at ¶¶ 9-18, 23; ECF Nos. 13-4 to 13-25.

Plaintiff has not licensed or authorized Defendants to use the GARRETT ELECTRONICS Trademarks or GARRETT ELECTRONICS Patents, and none of the Defendants is an authorized retailer of genuine GARRETT ELECTRONICS Products. ECF No. 13-1 at ¶ 22.

Plaintiff investigated the promotion and sale of counterfeit and infringing versions of the Plaintiff's branded protected products by the Defendants. *See* ECF No. 13-1 at ¶¶ 9-16; ECF Nos. 13-4 to 13-25. Plaintiff accessed each of the e-commerce stores operating under the Defendants' Seller IDs, initiated the ordering process for the purchase of a product from each of the Seller IDs bearing counterfeits of the GARRETT ELECTRONICS Trademarks and/or embodying the GARRETT ELECTRONICS Patents at issue in this action, and completed a checkout page requesting each product to be shipped to an address in the Southern District of Florida. *See* ECF

No. 13-1 at ¶¶ 12-16; ECF Nos. 13-4 to 13-25.  Plaintiff conducted a review and visually inspected the GARRETT ELECTRONICS branded items for which orders were initiated by Plaintiff via the Seller IDs and determined the products were counterfeit, non-genuine, unauthorized versions of Plaintiff's products.  *See* ECF No. 13-1 at ¶¶ 10-16; ECF Nos. 13-4 to 13-25.

## II.    LEGAL STANDARD

The Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65.  To obtain a preliminary injunction, the Plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest."  *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III.    ANALYSIS

The declaration and exhibits submitted by the Plaintiff with its motion for preliminary injunction support the following conclusions of law:

A.    Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of counterfeit products bearing the GARRETT ELECTRONICS Trademarks and/or embodying the GARRETT ELECTRONICS Patents, and that the products Defendants are selling and promoting for sale are counterfeit products bearing the GARRETT ELECTRONICS Trademarks and/or embodying the GARRETT ELECTRONICS Patents.

B.    Because of the infringement of Plaintiff's GARRETT ELECTRONICS

4

Trademarks and/or the GARRETT ELECTRONICS Patents, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's Complaint, motion for preliminary injunction, and accompanying declarations and exhibits, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers in view of the following considerations:

      1.      Defendants own or control e-commerce stores and commercial Internet websites operating under their respective seller identification names and domain names which advertise, promote, offer for sale, and sell products bearing the GARRETT ELECTRONICS Trademarks and/or embodying the GARRETT ELECTRONICS Patents in violation of Plaintiff's respective rights;

      2.      There is good cause to believe that more counterfeit and infringing products bearing the GARRETT ELECTRONICS Trademarks and/or embodying the GARRETT ELECTRONICS Patents will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products; and

      C.      The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, the Plaintiff's reputation, and the goodwill that Plaintiff has achieved as a manufacturer and distributor of quality products if such relief is not issued.

      D.      The public interest favors issuance of a preliminary injunction to protect Plaintiff's trademark and patent interests, to encourage respect for the law, to facilitate the invention and development of innovative products, and to protect the public from being defrauded by the illegal sale of counterfeit goods represented as genuine goods.

E.	Under 15 U.S.C. § 1117(a) and 35 U.S.C. § 289, Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing and/or embodying counterfeits and infringements of Plaintiff's trademarks and/or patents. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962)) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'").

F.	Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (11th Cir. 1995) (citing *F.T.C. v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)); *see also, e.g.*, *PlasMart, Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 0:23-CV-60641-JEM, 2023 WL 4969380, at *2 (S.D. Fla. June 9, 2023), *report and recommendation adopted*, No. 23-60641-CIV, 2023 WL 5319773 (S.D. Fla. Aug. 18, 2023).

G.	In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV.	CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's motion for entry of preliminary injunction, ECF No. 13, be **GRANTED**, and that the filings and orders previously filed under seal pursuant to the Court's orders be **UNSEALED**. The undersigned further recommends that the preliminary injunction provide as follows:

1.  Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

a. Using Plaintiff's GARRETT ELECTRONICS Trademarks and/or GARRETT ELECTRONICS Patents or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine GARRETT ELECTRONICS product or that is not authorized by Plaintiff to be sold in connection with Plaintiff's GARRETT ELECTRONICS Trademarks and/or that embody the design of the GARRETT ELECTRONICS Patents;

b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine GARRETT ELECTRONICS product, or any other product produced by Plaintiff, that is not Plaintiff's product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's GARRETT ELECTRONICS Trademarks and/or GARRETT ELECTRONICS Patents;

c. Committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. Further infringing the Plaintiff's GARRETT ELECTRONICS Trademarks and/or GARRETT ELECTRONICS Patents and/or damaging Plaintiff's goodwill;

e. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and

7

which bear and/or embody any of Plaintiff's GARRETT ELECTRONICS Trademarks and/or GARRETT ELECTRONICS Patents or any reproductions, counterfeit copies, or colorable imitations thereof;

    f.    Using, linking to, selling on, exercising control over, or otherwise utilizing the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeit products using, bearing, infringing, and/or embodying the GARRETT ELECTRONICS Trademarks and/or GARRETT ELECTRONICS Patents; and

    g.    Operating and/or hosting websites under the Seller IDs and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product using, bearing, infringing, and/or embodying the GARRETT ELECTRONICS Trademarks and/or GARRETT ELECTRONICS Patents and/or any reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine GARRETT ELECTRONICS product or not authorized by Plaintiff to be sold in connection with Plaintiff's GARRETT ELECTRONICS Trademarks and/or GARRETT ELECTRONICS Patents.

2.    Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that they own and/or operate, (c) their financial accounts, including by way of example all Amazon, PayPal, Payoneer, LianLian, AllPay, PingPong, Coinbase, Union Mobile, and eBay accounts, and (d) the steps taken by each Defendant to comply with paragraph 1, a through g, above.

3.    Those in privity with Defendants and with actual notice of this Order, including the

Marketplace Platforms and any other online marketplaces, any financial institutions, including without limitation (i) Contextlogic, Inc. ("Wish"), (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc. ("Payoneer"), (iv) the Alibaba Group d/b/a Alibaba.com and Aliexpress.com ("Alibaba"), (v) Amazon Payment Systems, Inc. and Amazon.com, Inc. ("Amazon"), (vi) Ping Pong Global Solutions, Inc. ("Ping Pong"), (vii) eBay, Inc. ("eBay"), (viii) Coinbase Global, Inc. ("Coinbase"), (ix) LianLian Global t/as LL Pay U.S., LLC ("LianLian"), (x) GoAllPay ("AllPay"), (xi) Union Mobile Financial Technology Co., Ltd ("Union Mobile"), (xii) World First UK Ltd. ("World First"), (xiii) Paxful, Inc. ("Paxful"), (xiv) Stripe, Inc. ("Stripe"), (xv) USForex, Inc. d/b/a OFX ("OFX"), (xvi) other payment processing service providers, (xvii) merchant account providers, (xviii) payment providers, (xix) third party processors, (xx) banks, (xxi) savings and loan associations, and (xxii) credit card associations (e.g., MasterCard and VISA) (collectively "Financial Institutions"), social media platforms, Facebook, YouTube, Linkedin, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

    a.    disable and cease providing services for any accounts through which Defendants engage in the sale of Counterfeit Goods using, bearing, infringing, and/or embodying the GARRETT ELECTRONICS Trademarks and/or GARRETT ELECTRONICS Patents, including any accounts associated with Defendants;

    b.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit goods using, bearing, infringing, and/or embodying the GARRETT ELECTRONICS Trademarks and/or GARRETT ELECTRONICS Patents; and

    c.    take all steps necessary to prevent links to the Seller IDs, Defendant Domain

Names, and domain names operated under the Seller IDs from displaying in search results, including, but not limited to, removing links to the Seller IDs, Defendant Domain Names, and domain names operated under the Seller IDs from any search index.

4. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Seller IDs or domain names or other websites operated by Defendants or under the Seller IDs, including, without limitation, any online marketplace platforms such as Alibaba, AliExpress, Amazon, DHgate, eBay, Etsy, Joom, Shein, Temu, Walmart, Wish, Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including Amazon, PayPal, Payoneer, LianLian, AllPay, PingPong, Coinbase, Union Mobile, and eBay, third party processors and other payment processing service providers, shippers, the Financial Institutions, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

    b. The nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Seller IDs, the Defendant Online Marketplace Accounts, the Defendant Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts and Defendant Domain Names;

    c. Defendants' websites and/or any Online Marketplace Accounts;

    d. The Defendant Domain Names or any domain name registered by Defendants; and

    e. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors, or other financial institutions, including, without limitation, Amazon, PayPal, Payoneer, LianLian, AllPay, PingPong, Coinbase, Union Mobile, and eBay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

  5. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

  6. Western Union shall, within five (5) business days of receipt of this Order, block any Western Union money transfers and funds from being received by Defendants until further ordered by this Court.

  7. The Marketplace Platforms shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected and/or related to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Amazon, PayPal, Payoneer, LianLian, AllPay, PingPong, Coinbase, Union Mobile, and eBay accounts connected and/or related to the Seller IDs or other information listed in the attached Schedule A; and

  b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

 8. The Financial Institutions, any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' Online Marketplace Accounts or websites, shall within five (5) business days of receipt of this Order:

  a. Locate all accounts and funds connected and/or related to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any accounts connected and/or related to the information listed in the attached Schedule A; and

  b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

 9. Plaintiff may provide notice of these proceedings to Defendants by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail to all e-mail addresses identified by Plaintiff and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

 11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

 12. The five-thousand-dollar ($5,000.00) bond previously posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge.  Accordingly, the parties shall have **until Friday, January 3, 2025** to file and serve any written objections to this Report and Recommendation.  Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 31st day of December 2024.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Jose E. Martinez
      Counsel of Record

## SCHEDULE A

| DOE No. | Defendant Seller | Defendant Online Marketplace |
|---|---|---|
| 1 | Shanghai Nachee Imp.& Exp. Co., Ltd. | https://nacheemoto.en.alibaba.com/contactinfo.html |
| 3 | XI'AN BEICHENG ELECTRONICS CO., LTD. | https://victorinstrument.en.alibaba.com/contactinfo.html |
| 5 | Astyer-X | https://www.amazon.com/sp?seller=A160PCGAWPEDXQ |
| 7 | biaterd-US | https://www.amazon.com/sp?seller=A2P570E3VDLF3L |
| 10 | Ciapsd8 | https://www.amazon.com/sp?seller=A37GDVPIINVQ03 |
| 11 | Daohesmao | https://www.amazon.com/sp?seller=A33B7EYYJO0OGX |
| 12 | DFHUS Direct | https://www.amazon.com/sp?seller=A4PNSBN6253RQ |
| 13 | Dmyond | https://www.amazon.com/sp?seller=a2zre38t4wuq5q |
| 16 | Fujiwara hardware tools | https://www.amazon.com/sp?seller=a163jpd4xivaj0 |
| 17 | Furnoore | https://www.amazon.com/sp?seller=AWJRSHON00RLN |

| | | |
|---|---|---|
| 19 | GAOPANUS | https://www.amazon.com/sp?seller=A39L61WE1DXGWD |
| 20 | Global Meter | https://www.amazon.com/sp?seller=A3SQCTS4EZ7207 |
| 21 | guybdss | https://www.amazon.com/sp?seller=A35DET2A5M1FY0 |
| █ | █ | █ |
| 25 | Jopatsvin-US | https://www.amazon.com/sp?seller=A166XW9GHCIIWE |
| █ | █ | █ |
| 28 | Lecxin | https://www.amazon.com/sp?seller=AA93TAV0YWBZE |
| █ | █ | █ |
| 32 | Luckydani | https://www.amazon.com/sp?seller=A2BPT6791TKBJC |
| █ | █ | █ |
| 35 | moluyiyu-US | https://www.amazon.com/sp?seller=A2YJDB30AM8B3W |
| █ | █ | █ |
| 37 | One-stop shopping mall | https://www.amazon.com/sp?seller=A3IAMR4L4ZDRF0 |
| 38 | QZz Home | https://www.amazon.com/sp?seller=A3EMDPDBJZ48CM |

| 39 | RVGIVE | https://www.amazon.com/sp?seller=A212R45GNGGHL0 |
|---|---|---|
| | | |
| 41 | Shrxy Technology | https://www.amazon.com/sp?seller=A1AK3O2TNI1CS9 |
| 42 | Wchiuoe-US | https://www.amazon.com/sp?seller=a249wpkfj4zsqo |
| | | |
| 44 | WOOXGEHM Direct | https://www.amazon.com/sp?seller=ARX1ESNF1R1WK |
| 45 | YunoBiological | https://www.amazon.com/sp?seller=A249H9IR0LTI3Q |
| 46 | Zhoubinshop-US | https://www.amazon.com/sp?seller=A2KE6UKO9CH4UM |
| | | |
| 57 | dikshaenterprises | https://www.ebay.com/str/dikshatools |
| 58 | dp4store | https://www.ebay.com/str/dp4store |
| 59 | dpcloth | https://www.ebay.com/str/dpcloth |
| | | |
| 61 | expresseliteemporiumstore | https://www.ebay.com/usr/expresseliteemporiumstore |
| | | |
| 63 | hael_27700 | https://www.ebay.com/str/alraghadcompany |

| | | |
|---|---|---|
| 65 | happyshipping-2022 | https://www.ebay.com/usr/happyshipping-2022 |
| 66 | home-eshop | https://www.ebay.com/str/homeeshop |
| 71 | kobert-goods-online | https://www.ebay.com/str/kobertgoodsonline |
| 72 | krichin-85 | https://www.ebay.com/usr/krichin-85 |
| 76 | newtrend-store | https://www.ebay.com/str/newtrendstore |
| 79 | rapidwarehouse-office | https://www.ebay.com/str/rapidwarehouseoffice |
| 80 | ready-togo | https://www.ebay.com/str/readytogo |
| 81 | shaper-market | https://www.ebay.com/str/shapermarket |
| 83 | simplelifemall | https://www.ebay.com/str/simplelifemall |
| 84 | support-online | https://www.ebay.com/str/supportonline |
| 88 | whitefields1 | https://www.ebay.com/str/whitefieldsadventuresstore |
| 89 | young44ever | https://www.ebay.com/str/young44ever |

| 97  | SUNPOW                  | https://www.temu.com/kfu-t-m-634418214637105.html |
| --- | ----------------------- | ------------------------------------------------- |
| 98  | aomoZU                  | https://www.walmart.com/seller/102478046          |
| 99  | Beauty Mall             | https://www.walmart.com/seller/101043399          |
| 108 | Jessi                   | https://www.walmart.com/seller/102480609          |
| 109 | JIELIOU                 | https://www.walmart.com/seller/101680602          |
| 111 | jimming                 | https://www.walmart.com/seller/102491075          |
| 112 | jinanhaifengxuwangluokeji | https://www.walmart.com/seller/101672751        |
| 114 | Lhxiqxz Home Essentials | https://www.walmart.com/seller/101507290          |
| 116 | Mdesiwst                | https://www.walmart.com/seller/101531761          |
| 118 | Mivi                    | https://www.walmart.com/seller/101644217          |
| 119 | Ninx                    | https://www.walmart.com/seller/102502020          |
| 121 | Pink Season             | https://www.walmart.com/seller/101195031          |
| 123 | Rushijin                | https://www.walmart.com/seller/101632493          |
| 125 | sukeyuan                | https://www.walmart.com/seller/101076313          |
| 127 | travelwant              | https://www.walmart.com/seller/101093748          |
| 128 | Walbest                 | https://www.walmart.com/seller/101070790          |
| 132 | wsevypo                 | https://www.walmart.com/seller/101639730          |

| 134 | YUMULUN | https://www.walmart.com/seller/101680950 |