UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24346-CIV-MARTINEZ/SANCHEZ

GARRETT ELECTRONICS, INC.,

      Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

      Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

This matter is before the Court on the Motion for Entry of Final Default Judgment Against Defendants, ECF No. 67, filed by Plaintiff Garrett Electronics, Inc. ("GARRETT ELECTRONICS").[1]  A clerk's default was entered against those Defendants listed in the Revised Schedule "A" attached hereto ("Defendants").[2]  ECF No. 66 (Clerk's Entry of Default); ECF No. 67-4 at 19 (Revised Schedule "A").  Despite having been served with process, *see* ECF No. 46, Defendants failed to appear, answer, or otherwise respond to Plaintiff's complaint.  Plaintiff now seeks entry of final default judgment against Defendants.  ECF No. 67.  Having carefully considered Plaintiff's motion, the record in this case, the applicable law, and being otherwise fully

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred Plaintiff's motion to the undersigned for a report and recommendation.  ECF No. 68.

[2] The original Schedule "A" that identified the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations that were the subject of the complaint in this case listed 152 defendants.  *See* ECF No. 14-1.  Plaintiff, however, has filed notices of voluntarily dismissal for 144 of the defendants, ECF Nos. 23, 29, 30-32, 35-36, 44, 48, 53, 55-62, 64, and, as a result, Plaintiff's motion for default judgment and this Report and Recommendation address only the eight remaining Defendants that are listed in the attached Revised Schedule "A."

advised, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Final Default Judgment Against Defendants, ECF No. 67, be **GRANTED**.

<h3 style="text-align:center">I.      BACKGROUND[3]</h3>

Plaintiff commenced this action against Defendants, alleging claims for trademark infringement and counterfeiting under § 32 of the Lanham Act, 15 U.S.C. § 1114 (Count I); and design patent infringement under the Patent Act, 35 U.S.C. § 271 (Count II).  ECF No. 1.

Plaintiff is the registered owner of federally registered trademarks for GARRETT ELECTRONICS products: U.S. Trademark Registration Nos. 3,802,639; 3,809,839; 1,164,465; 4,223,990; 1,162,578; 3,713,177; 3,787,349; 2,506,112; 1,654,807; 3,818,179; 3,790,254; 4,001,143; 3,713,049; 1,636,048; 4,279,627; 3,236,345; and 3,787,350 (the "GARRETT ELECTRONICS Trademarks").  ECF No. 1 at ¶¶ 1, 14, 50; *see also* ECF No. 1-1 (Certificates of Registration for the GARRETT ELECTRONICS Trademarks).  The GARRETT ELECTRONICS Trademarks are used in connection with the marketing and promotion of Plaintiff's products.  *See* ECF No. 1 at ¶¶ 16-20.  Plaintiff owns all rights to the GARRETT ELECTRONICS Trademarks. *Id.* at ¶ 1, 14, 18, 50.

Plaintiff is also the registered owner and lawful assignee of certain design patents: U.S. Patent Nos. D513,706 S and D583,261 S (the "GARRETT ELECTRONICS Patents").  ECF No 1 at ¶¶ 2, 14, 21; ECF No. 4-1.  Plaintiff owns all "right, title, and interest in and to the GARRETT ELECTRONICS Patents," and its products often "embody at least a portion of the designs depicted in the GARRETT ELECTRONICS Patent."  *Id.* at ¶¶ 21-22.

Plaintiff has not licensed or authorized any Defendant to use the GARRETT ELECTRONICS Trademarks or the GARRETT ELECTRONICS Patents, and none of the

---

[3] The following facts are admitted as a result of Defendants' default. *See, e.g.*, *Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-61304, 2024 WL 996444, at *1 (S.D. Fla. Mar. 5, 2024); Section II *infra*.

Defendants are authorized retailers of genuine GARRETT ELECTRONICS products.  ECF No. 1 at ¶ 31; *see also id.* at ¶ 45.

The complaint establishes that Defendants are advertising, marketing, offering to sell, and/or selling unauthorized, counterfeit, and noncompliant products (the "Counterfeit Products") by using marks that are identical or substantially identical to the GARRETT ELECTRONICS Trademarks and by embodying designs depicted in the GARRETT ELECTRONICS Patents.  ECF No. 1 at ¶¶ 3, 46, 48-49, 55; *see also id.* at ¶¶ 32-33.  The Counterfeit Products are made to appear to be genuine GARRETT ELECTRONICS products but are inferior and unauthorized imitations of such products.  ECF No. 1 at ¶¶ 3, 5; *see also id.* at ¶¶ 20, 28, 32-33.  Furthermore, Defendants have "sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the GARRETT ELECTRONICS Trademarks without Plaintiff's permission," and "have been making, using, selling, offering for sale, and/or importing into the United States for subsequent sale or use, without authority, Counterfeit Products that infringe directly and/or indirectly the GARRETT ELECTRONICS Patents."  *Id.* at ¶¶ 49, 55; *see also id.* at ¶¶ 50, 56; ECF No. 1-1.  Plaintiff asserts that Defendants' unlawful infringing activities caused and will continue to cause irreparable harm to Plaintiff's reputation and goodwill "from the loss of its exclusivity of its intellectual property rights, as well as through consumer confusion, dilution, and tarnishment of its valuable trademark."  ECF No. 1 at ¶¶ 8, 53, 58; *see also id.* at ¶¶ 46, 52.

Plaintiff seeks entry of final default judgment against Defendants and requests that the Court (1) permanently enjoin Defendants from continuing to infringe on Plaintiff's intellectual property rights, that is, the GARRETT ELECTRONICS Trademarks and GARRETT ELECTRONICS Patents; and (2) award Plaintiff damages.  *See* ECF No. 67 at 2-3, 12-24.

## II.   LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002).  The effect of a clerk's default is that all the plaintiff's well-pleaded allegations are deemed admitted.  *See, e.g.*, *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015); *see also Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (defaulted defendant deemed to admit well-pleaded allegations, but "not held to admit facts that are not well-pleaded or to admit conclusions of law").

Only well-pleaded allegations are admitted because "entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim."  *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) ("The complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, which is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015).  Therefore, before entering a default judgment, a court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and provide a sufficient basis for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *see also, e.g.*, *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, No. 17-CV-61471, 2017 WL 6949260, at *2 (S.D. Fla. Oct. 3, 2017) ("Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered.").  If the admitted facts are sufficient

to establish liability, then the Court must ascertain the appropriate amount of damages. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Where all the essential evidence needed to determine damages is found in the record, an evidentiary hearing on damages is not required. *See, e.g.*, *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Bandyopadhyay v. Defendant 1*, No. 22-CV-22907, 2023 WL 2395475, at *1 (S.D. Fla. Mar. 7, 2023).

Here, Plaintiff stated in its motion that there are no allegations of joint and several liability against Defendants, who are the only remaining defendants in the case. *See* ECF No. 67 at 9. Defendants have not appeared and have defaulted. *See* ECF No. 66. Therefore, there is no possibility of inconsistent liability between the Defendants, and a final default judgment against Defendants may be ordered.

### III.    ANALYSIS

#### A.  Count I: Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark" which is "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1). To prevail on its trademark infringement claim, Plaintiff must demonstrate that (1) it had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same or confusingly similar to Plaintiff's trademark such that consumers were likely to confuse the two. *Frehling Enters., Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999); *see also Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

To establish its claim, Plaintiff alleged that it is the registered owner of the GARRETT ELECTRONICS Trademarks and the official source of GARRETT ELECTRONICS products, *see*

ECF No. 1 at ¶¶ 1, 14, 16, 50; ECF No. 1-1, that Defendants have no license or authorization to use the GARRETT ELECTRONICS Trademarks, *see* ECF No. 1 at ¶¶ 31, 49, that Defendants are "willfully infringing and intentionally using counterfeits of the GARRETT ELECTRONICS Trademarks" that are "identical or substantially identical to the GARRETT ELECTRONICS Trademarks," *id*. at ¶¶ 31, 50, and that Defendants "have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the GARRETT ELECTRONICS Trademarks without Plaintiff's permission," *id*. at ¶ 49. According to the complaint, the Defendants' use of counterfeits of the GARRETT ELECTRONICS Trademarks is "likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public" and injury to Plaintiff. *Id*. at ¶¶ 50, 52. Therefore, Plaintiff has properly established the necessary elements to state a claim for trademark infringement and counterfeiting under § 32 of the Lanham Act and is entitled to default judgment on this claim.

### B.  Count II: Design Patent Infringement (35 U.S.C. § 271)

Under the Patent Act, "whoever without authority makes use, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). A design patent infringement action requires Plaintiff to demonstrate that "'during the term of a patent for a design, without license of the owner[,]' a defendant '(1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied.'" *XYZ Corp. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Sched. "A"*, 668 F. Supp. 3d 1268, 1273 (S.D. Fla. 2023) (quoting 35 U.S.C. § 289). "Determining whether a design patent is infringed is a two-step process. First, when appropriate, the design

patent's claims are construed.  Second, the patented design is compared to the accused device." *Pride Fam. Brands, Inc. v. Carl's Patio, Inc.*, 992 F. Supp. 2d 1214, 1223-24 (S.D. Fla. 2014). "The 'ordinary observer' test is the sole test for determining whether a design patent has been infringed."  *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1129 (Fed. Cir. 2019) (quoting *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc)).  Under this test, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."  *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871); *see also, e.g., XYZ Corp.*, 668 F. Supp. 3d at 1274.  "Minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (quoting *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 991 (Fed. Cir. 1993)).

Here, Plaintiff has established that it is the registered owner of the GARRETT ELECTRONICS Patents, which "were duly and legally issued by the United States Patent and Trademark Office."  ECF No. 1 at ¶¶ 2, 14, 21; ECF No. 4-1; *see also* ECF No. 13-3.  Additionally, the GARRETT ELECTRONICS Patents contain illustrated images depicting the patented designs, ECF No. 4-1; ECF No. 13-3, and the Court need not construe claims language here in light of the patents' illustrations.  *See, e.g., Crocs, Inc.*, 598 F.3d at 1302-03; *Believe Pursue LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 25-CV-20162, 2025 WL 2427675, at *8 (S.D. Fla. July 29, 2025), *report and recommendation adopted in part*, 2025 WL 4349865 (S.D. Fla. Dec. 22, 2025).  Moreover, the Plaintiff has adequately alleged that Defendants applied the Plaintiff's patented designs to articles of manufacture for the purposes of sale.  Indeed, Plaintiff has adequately alleged that Defendants

7

"are improperly advertising, marketing and/or selling unauthorized and noncompliant products . . . that embody the design(s) depicted in the GARRETT ELECTRONICS Patents (the 'Counterfeit Products')" and "have been making, using, selling, offering for sale, and/or importing into the United States for subsequent sale or use, without authority, Counterfeit Products that infringe directly and/or indirectly the GARRETT ELECTRONICS Patents." *Id*. at ¶¶ 3, 55; *see also id.* at ¶ 32 ("Defendants deceive unknowing consumers by using the . . . GARRETT ELECTRONICS Patents without authorization . . . as embodied by the Counterfeit Products themselves."). Plaintiff also provided images of the GARRETT ELECTRONICS Patents and Defendants' Counterfeit Products as evidence of Defendants infringement of the GARRETT ELECTRONICS Patents under the ordinary observer test. *See id*. at ¶¶ 55-58; *compare* WCF No. 4-1; ECF No. 13-3, *with* ECF No. 67-2 (screenshots of Counterfeit Products from each Defendant's Seller Name).

Given the circumstances present in this case, Plaintiff has established the necessary elements to state a claim for design patent infringement under 35 U.S.C. § 271 and is entitled to final default judgment on this claim.

Here, Plaintiff sufficiently alleged facts to establish the elements of both of its claims, and the factual allegations in Plaintiff's complaint have been additionally substantiated by sworn declarations and other evidence establishing Defendants' liability under both claims, *see, e.g.*, ECF Nos. 67-1 to 67-3. Under the circumstances presented here, entry of default judgment in favor of Plaintiff and against Defendants pursuant to Federal Rule of Civil Procedure 55 is appropriate.

## IV.    RELIEF

Plaintiff, in its motion, ECF No. 67 at 2-3, 12-24, requests equitable relief, statutory damages, and lost profits. The undersigned first addresses Plaintiff's request for injunctive relief, and then addresses the monetary damages for each claim individually.

### A. Injunctive Relief

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Similarly, the Patent Act provides that a district court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283; *see Atmos Nation, LLC v. Pana Depot, Inc.*, No. 14-CIV-62620, 2015 WL 11198010, at *2 (S.D. Fla. Apr. 8, 2015) (granting default judgment and a permanent injunction for patent infringement claim, among others). Indeed, a plaintiff has little other recourse where defendants fail to respond or appear in a case. *See Atmos Nation, LLC*, 2015 WL 11198010, at *2.

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006).

In trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & CO's business reputation and decrease its legitimate sales."). Further, "[i]n order for an injury to be irreparable, it cannot be undone

9

through monetary remedies." *Alpha Signs & Designs v. Individuals*, No. 24-cv-20096, 2024 WL 3543724, at *4 (S.D. Fla. Apr. 3, 2024) (quoting *VAS Aero Servs., LLC v. Arroyo*, 860 F. Supp. 2d 1349, 1362 (S.D. Fla. 2012)), *report and recommendation adopted*, 2024 WL 3543702 (S.D. Fla. May 24, 2024).

Plaintiff's complaint demonstrates that Defendants are improperly infringing on the GARRETT ELECTRONICS Trademarks and Patents by using them to advertise, promote, and sell goods by using marks that are identical or substantially identical to the GARRETT ELECTRONICS Trademarks and by embodying designs depicted in the GARRETT ELECTRONICS Patents.  ECF No. 1 at ¶¶ 3, 45-46, 48-49, 50, 52, 58; *see also id.* at ¶¶ 28-29, 32-33.  These infringing activities are deceiving consumers and causing consumers to confuse and mistake Defendants' counterfeit products with Plaintiff's genuine products that use the GARRETT ELECTRONICS Trademarks or embody the designs depicted in the GARRETT ELECTRONICS Patents.  ECF No. 1 at ¶¶ 8, 46, 32-33, 50; *see also id.* at ¶¶ 28-29.  Defendants' infringing actions have caused Plaintiff irreparable injury, including to Plaintiff's good will and reputation, and will continue to do so if Defendants are not permanently enjoined.  *Id*. at ¶¶ 8, 53, 58.

Plaintiff has no adequate remedy at law so long as Defendants continue to use GARRETT ELECTRONICS Trademarks and GARRETT ELECTRONICS Patents in connection with their Internet-based e-commerce stores under the Seller Names because Plaintiff will have no control over the quality of what appears to be its products in the marketplace and will be unable to exclude Defendants from using its intellectual property.  *See, e.g.*, *XYZ Corp.*, 668 F. Supp. 3d at 1276.  An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defendants' counterfeiting and infringing actions are allowed to continue. Plaintiff has a significant interest in enforcing its Trademark and Patent rights and expends significant resources in promoting its Trademarks and genuine products and protecting and

enforcing its rights.  ECF No. 1 at ¶¶ 17, 20; *see id.* at ¶ 43; ECF No. 13-1.  Enjoining Defendants is critical to prevent hardship to Plaintiff from loss of sales and injury to Plaintiff's reputation and goodwill.  By contrast, Defendants face no hardship if they are prohibited from the continued infringement of GARRETT ELECTRONICS Trademarks and GARRETT ELECTRONICS Patents, which are unlawful acts.

Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' products. *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1262 (S.D. Fla. 2016); *see Nike, Inc. v. Leslie*, No. 85-960 Civ-T-15, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior.").  Defendants have created an Internet-based infringement scheme in which they are profiting from the deliberate misappropriation of GARRETT ELECTRONICS Trademarks and GARRETT ELECTRONICS Patents.  Unless Defendants are enjoined, they will be free to continue infringing on Plaintiff's GARRETT ELECTRONICS Trademarks and GARRETT ELECTRONICS Patents.

Having established all four elements necessary for injunctive relief, Plaintiff is entitled to a permanent injunction.

Plaintiff additionally requests that the Court order that all listings and associated images of goods that infringe on the GARRETT ELECTRONICS Trademarks and GARRETT ELECTRONICS Patents be permanently removed from Defendants' online marketplace stores. *See* ECF No. 67 at 3, 15-16.  The Court's broad equity powers allow it to fashion such relief to stop Defendants' infringing activities, *see, e.g.*, *Believe Pursue LLC*, 2025 WL 2427675, at *10, and such relief is appropriate and recommended in this case.

**B.  Damages for Trademark Infringement and Counterfeiting**

Because the admitted facts are sufficient to establish liability, the Court must ascertain the

appropriate amount of damages. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of products, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good or service. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit, up to $2,000,000.00 per mark per type of good or service. 15 U.S.C. § 1117(c)(2). Here, Plaintiff has elected statutory damages pursuant to 15 U.S.C. § 1117(c) as to Count I of its Complaint. *See* ECF No. 67 at 16.

Statutory damages under the Lanham Act are "particularly appropriate in the default judgment context" because it is difficult to ascertain the defendants' profits and because the defendants have not participated in the litigation. *See CreeLED, Inc. v. Individuals, Bus. Entities & Unincorporated Ass'ns Identified on Schedule "A"*, No. 22-CV-23683-JEM/Becerra, 2023 WL 6130593, at *4 (S.D. Fla. Sept. 11, 2023) (citing *Tiffany (NJ) LLC v. Benefitfortiffany.com*, No. 16-60829-Civ-Lenard/Goodman, 2016 WL 8679081, at *7 (S.D. Fla. Nov. 3, 2016)); *see also PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004) (statutory damages are "specially appropriate in default judgment cases due to infringer nondisclosure"). The Court has wide discretion to determine the amount of statutory damages awarded. *See PetMed Express*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod.*, Inc., 902 F.2d 839, 853 (11th Cir. 1990)). An award of statutory damages is appropriate despite a plaintiff's inability to prove actual damages caused by a defendant's infringement. *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-civ, 2014 WL 1652044, at *7 (S.D. Fla. Apr. 23, 2014) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its

actual damages are nominal or non-existent.")); *Playboy Enters. Inc. v. Universal Tel-A-Talk, Inc.*, No. CIV.A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits).  An award of statutory damages pursuant to 15 U.S.C. § 1117(c) is "intended not just for compensation for losses, but also to deter wrongful conduct."  *See CreeLED*, 2023 WL 6130593, at *4 (citing *PetMed Express*, 336 F. Supp. 2d at 1220-21)).

In this case, the allegations in the complaint, which are taken as true, establish that Defendants intentionally used counterfeits of the GARRETT ELECTRONICS Trademarks for the purpose of deriving benefit from Plaintiff's reputation and goodwill.  ECF No. 1 at ¶¶ 45, 50-51; *see also id.* at ¶¶ 28-30, 32-33, 48-49, 53.  Indeed, the complaint's allegations establish that the GARRETT ELECTRONICS Trademarks are "famous marks" that "are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff," that "Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the GARRETT ELECTRONICS Trademarks," and that Defendants "are willfully infringing and intentionally using counterfeits of the GARRETT ELECTRONICS Trademarks."  *Id.* at ¶¶ 19-20, 50.  As such, the Lanham Act permits the Court to award up to $2,000,000.00 per infringing mark on each type of good as statutory damages to ensure that Defendants do not continue their intentional and willful counterfeiting actions.  *See* 15 U.S.C. § 1117(c)(2).

Here, each Defendant has sold, promoted, distributed, advertised, and/or offered for sale products bearing marks that were counterfeits of the GARRETT ELECTRONICS Trademarks and has done so willfully and intentionally, trading off the reputation and goodwill that Plaintiff has developed in connection with the GARRETT ELECTRONICS Trademarks.  *See, e.g.*, ECF No. 1 at ¶¶ 3, 10, 19-20, 45, 48-50; *see also id.* at ¶¶ 1-2.  Plaintiff has also explained, however, that

because "Defendants have chosen not to participate in these proceedings, Plaintiff has limited available information, received from the Third Party Providers, regarding . . . Defendants' profits from the sale of Counterfeit Products." ECF No. 67 at 23. According to Plaintiff, "[t]he limited information provided by the [p]ayment [p]rocessors for the . . . Defendants indicates Plaintiff's lost profits are about $1,915.66." ECF No. 67-1 at 4.

Based on the circumstances of this case, Plaintiff requests that the Court award statutory damages of $200,000.00 against each of the Defendants. *See* ECF No. 67 at 18. Recognizing that Defendants' default has prevented full discovery concerning Defendants' sales and profits for their willful infringement of the GARRETT ELECTRONICS Trademarks, recognizing that Plaintiff says it only has evidence of $1,915.66 in lost profits from Defendants' sales, and recognizing the prices being charged by Defendants for their counterfeit products, *see* ECF Nos. 67-2, 67-3, an award of $200,000.00 against each Defendant (for a combined $1.6 million in damages) appears excessive and unnecessary to deter continuing infringement of the GARRETT ELECTRONICS Trademarks. Instead, the undersigned recommends a statutory damages award of $100,000.00 per Defendant. Such an award should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe upon the GARRETT ELECTRONICS Trademarks, compensate Plaintiff, and punish Defendants for their willful infringement, all stated goals of 15 U.S.C. § 1117(c). *See, e.g., Purple Innovation, LLC v. Individuals*, No. 24-25034-CIV, 2025 WL 1754677, at *6 (S.D. Fla. Apr. 25, 2025). The Court finds that this award of statutory damages—$100,000.00 per Defendant—falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just. The undersigned accordingly recommends an award of $100,000.00 against each Defendant on Count 1.

### C. Damages for Design Patent Infringement

On its design patent infringement claim, Plaintiff "seeks $250 for the infringement of each

14

Design Patent[]" pursuant to 35 U.S.C. § 289.[4]   ECF No. 67 at 20; ECF No. 70.  Under § 289, "[w]however during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, *but not less than $250*." 35 U.S.C. § 289 (emphasis added).  Plaintiff is accordingly entitled to $250 against each Defendant on Plaintiff's patent infringement claim.  The undersigned therefore respectfully recommends that the Court award Plaintiff damages on its patent infringement claim in the amount of $250 against each Defendant pursuant to § 289.

## V.   CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Final Default Judgment Against Defendants, ECF No. 67, be **GRANTED** with respect to Defendants as set forth above; that final default judgment be entered in favor of Plaintiff and against Defendants; that a permanent injunction be issued against Defendants; that Plaintiff be awarded statutory damages of $100,000.00 against each Defendant pursuant to the Lanham Act, rather than the requested $200,000.00 against each Defendant; and that Plaintiff additionally be awarded statutory damages of $250 against each Defendant pursuant to 35 U.S.C. § 289.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to **EXPEDITE** the period to serve and file written objections to this Report and Recommendation.  Accordingly, the parties shall have **until March 23, 2026**, to serve and file written objections, if any, to this Report

---

[4] Although Plaintiff initially sought lost profits of $1,915.66 against Defendant JIELIOU, *see, e.g.*, ECF No. 67 at 20 & n.3; *see also* ECF No. 67-1 at ¶ 2 n.3; ECF No. 67-3 at 2, Plaintiff has abandoned that request for lost profits and instead "only wishes to request the $250 in minimum statutory damages contemplated by 35 U.S.C. § 289," ECF No. 70.

and Recommendation with the Honorable Jose E. Martinez, United States District Judge.  Failure to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 16th day of March 2026.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:     Hon. Jose E. Martinez
        Counsel of Record

**REVISED SCHEDULE "A"**

| DOE No. | Defendant Seller Name | Defendant Marketplace URL |
|---|---|---|
| 1.0 | Shanghai Nachee Imp.& Exp. Co., Ltd. | https://nacheemoto.en.alibaba.com/contactinfo.html |
| 3.0 | XI'AN BEICHENG ELECTRONICS CO., LTD. | https://victorinstrument.en.alibaba.com/contactinfo.html |
| 35.0 | moluyiyu-US | https://www.amazon.com/sp?seller=A2YJDB30AM8B3W |
| 63.0 | hael_27700 | https://www.ebay.com/str/alraghadcompany |
| 72.0 | krichin-85 | https://www.ebay.com/usr/krichin-85 |
| 79.0 | rapidwarehouse-office | https://www.ebay.com/str/rapidwarehouseoffice |
| 109.0 | JIELIOU | https://www.walmart.com/seller/101680602 |
| 112.0 | jinanhaifengxuwangluokeji | https://www.walmart.com/seller/101672751 |